IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW K. MCBRIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 3:14-cv-317-M-BN |
| V. | § | |
| | § | (Consolidated with |
| OFFICER AUSBIE, | § | No. 3:14-cv-1352-M-BN) |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Matthew K. McBride, proceeding *pro se*, brings this civil rights action alleging that Dallas County Jail Corrections Officer Ausbie assaulted him without justification by spitting on him, threatening the safety of Plaintiff and his family, and threatening to retaliate against him for filing prison grievances. On January 27, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. The Court sent written interrogatories then to Plaintiff to obtain

additional information about the factual basis of this suit. *See* Dkt. No. 7. Plaintiff answered the interrogatories on February 19, 2014. *See* Dkt. No. 9.

In his complaint and interrogatory responses, Plaintiff alleges that because he asked to use the phone on January 8, 2014, Officer Ausbie threatened his safety and that of his family, spat on him, and threatened to retaliate for the filing of prison grievances. *See* Dkt. No. 3 at 4; Dkt. No. 9 at 3. He contends that Officer Ausbie has retaliated against him and other inmates by broadcasting his personal information that he located online, walking by his cell door with music on his cell phone, and tampering with his food. *See* Dkt. No. 9 at 2. Plaintiff also faults officials at the Dallas County Jail for failing to investigate and remedy his grievances. *See id.* By this lawsuit, Plaintiff seeks scientific testing to assure that he did not contract any disease from Officer Ausbie's saliva, $300,000 in damages, the instigation of criminal charges, and a protective order against the Defendant. *See id.* at 5.

The undersigned now concludes that Plaintiff's claims of excessive force and failure to process grievances and his request for the Court to investigate his claims or institute criminal charges should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His retaliation claim should be permitted to proceed and Officer Ausbie should be served by the United States Marshal pursuant to Fed. R. Civ. P. 4(c)(3).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Excessive Force

Plaintiff alleges that Officer Ausbie violated his constitutional rights by subjecting him to threats, spitting on him, and telling other inmates information that he learned online. *See* Dkt. No. 3 at 4 & 6; Dkt. No. 9 at 3. To succeed on an excessive force claim, a plaintiff bears the burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). To prevail on excessive force under this standard, a prisoner must show that the force used against him by detention authorities was applied maliciously and sadistically with the intent to cause harm and not in a good faith effort to maintain institutional security. *See Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992).

Here, Plaintiff does not allege that Defendant used any force at all, nor that Plaintiff was injured in any way. *See* Dkt. No. 3 at 4 & 6. Verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation, and neither does an officer's allegedly once spitting on a prisoner. *See Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002); *Robertson v. Plano City of Texas,* 70 F.3d 21, 24 (5th Cir. 1995); *Harrington v. Rush*, No. 1:09CV00009 BSM, 2009 WL 1616010, at *2 (E.D. Ark. June 9, 2009).

Plaintiff's claim should be summarily dismissed.

Failure to Process Grievances and Request for Criminal Charges

The United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller,* 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable claim. *See* 42 U.S.C. § 1997e(b); *see also Bradford v. Kuykendall,* No. 6:04-cv-565, 2005 WL 1521016, at *5 (E.D. Tex. June 24, 2005) (citing *Geiger,* 404 F.3d at 374). And inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

To the extent that Plaintiff seeks to have this Court investigate his claims or institute criminal charges against Defendant, he has failed to state a claim for relief. *See Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir. 1990).

Retaliation

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v.*

*Powell,* 449 F.3d 682, 684 (5th Cir. 2006) (internal quotation marks and citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted).

> Here, Plaintiff alleges that:
>
> Officer Ausbie made a number of verbal statements about being able to locate my family and told me I would never get mail if he had control of it again, he went from verbal to kicking hitting the front of my cell door telling me to "Put a hit on me," then spit his saliva in front of the cell door still telling me "report that I got power if won't get past the sgt. office."
>
> * * *
>
> I filed a complaint that night #140163, also wrote internal affairs (3) times since the assault, when Officer Ausbie become aware we filed complaints he spent day still assign to this floor coming to tell other inmates my personal information he located on-line, walking by my cell door with music on his cell phone loud just proving we couldn't stop his misconduct. Note: 15 months here I've not had any cases nor has he wrote any on 1/18/2014 & 1/21/2014 he wrote 2 cases on me that was dismissed. He put clear hand cleaner on my food on 01/21/2014, then he told me "its only begin," since he's been removed from the floor, and the cases was dismissed.

Dkt. No. 9 at 3.

It appears to the undersigned that Plaintiff has alleged a claim for retaliation against Officer Ausbie sufficient to survive summary dismissal under 28 U.S.C. § 1915.

Accordingly, Plaintiff's alleged retaliation claim should be permitted to proceed, and the Court should order that Officer Ausbie be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

## Recommendation

Plaintiff's claims of excessive force and failure to process grievances and his request for the Court to investigate his claims or institute criminal charges should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's retaliation claim should be permitted to proceed and Officer Ausbie should be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE