IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW K. MCBRIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-317-M-BN |
| | § | |
| OFFICER JOAQUIN AUSBIE, | § | (Consolidated With: |
| | § | No. 3:14-cv-1352-M-BN) |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this civil rights action filed by a Texas inmate, proceeding *pro se*, a single retaliation claim against a Dallas County corrections officer survived screening pursuant to 28 U.S.C. § 1915(e)(2). The complaint was thus served. And, in response, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), *see* Dkt. No. 20, on October 9, 2014. The last time that Plaintiff Matthew K. McBride communicated with the Court was in April 2014, and all communications the Court has sent to him since May 2014 – at the only address he has provided to the Court – have been returned as undeliverable. Thus, based on the record now before the Court, and for the reasons stated below, Plaintiff's consolidated actions should be dismissed without prejudice under Rule 41(b) for failure to prosecute and obey orders of this Court.

**Background**

On January 27, 2014, Plaintiff filed this civil rights action alleging that Dallas County Corrections Officer Joaquin Ausbie assaulted him without justification by

spitting on him, threatening the safety of Plaintiff's family, and threatening to retaliate against him for filing prison grievances. The Court granted Plaintiff leave to proceed *in forma pauperis* and issued written interrogatories to Plaintiff, *see* Dkt. Nos. 6 & 7, which Plaintiff answered on February 19, 2014, *see* Dkt. No. 9.

> The written interrogatories – which Plaintiff no doubt received – instructed him
>
> [to] at all times during the pendency of this action, ... immediately advise the Court of any change of address and its effective date. A notice of a change of address shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS," shall contain only information regarding the change of address and its effective date, and shall not contain any motion or request for any other relief. Failure to file a Notice to the Court of Change of Address may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Dkt. No. 7 at 1-2.

On April 14, 2014, Officer Ausbie removed a case that Plaintiff filed against him, on or about March 17, 2014, in the 160th Judicial District Court in Dallas County, Texas – asserting the same claims as those in the action that Plaintiff filed in federal court. *See* No. 3:14-cv-1352-M-BN, Dkt. No. 1. Post-removal, Plaintiff filed a notice and a motion in that case, *see* No. 3:14-cv-1352-M-BN, Dkt. Nos. 8 & 9, which were respectively docketed on April 23 and April 20, 2014. The removed case was then consolidated with the first-filed federal case on May 5, 2014. *See* Dkt. No. 12.

On August 27, 2014, the undersigned United States magistrate judge recommended that Plaintiff's retaliation claim against Officer Ausbie proceed. *See* Dkt. No. 15. United States District Judge Barbara M.G. Lynn accepted that recommendation and ordered the Clerk of Court to issue summons and the United

States Marshal to serve Officer Ausbie on October 8, 2014. *See* Dkt. Nos. 17 & 18. Officer Ausbie filed his Rule 41(b) motion to dismiss the next day. *See* Dkt. No. 20.

The last time that Plaintiff initiated contact with the Court was through a filing that was docketed on April 30, 2014. The undersigned's Findings, Conclusions, and Recommendation (the "FCR"), along with all orders entered by the Court beginning May 5, 2014, have been returned to the Court as undeliverable to Plaintiff. *See* Dkt. No. 14 (order consolidating case [Dkt. No. 12] and order granting Defendant's motion for protective order [Dkt. No. 13] returned as undeliverable); Dkt. No. 16 (FCR [Dkt. No. 15] returned as undeliverable); Dkt. No. 21 (order accepting FCR [Dkt. No. 17] and order specifying further action [Dkt. No. 18] returned as undeliverable).

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (§ 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Officer Ausbie submitted, in support of his Rule 41(b) motion, the Affidavit of

Jesse Herrera, Dallas County Sheriff Assistant Chief Deputy for the Inmate Housing Bureau. *See* Dkt. No. 20-1. Chief Herrera affirms that he is a custodian of records for the Sheriff's Department and that the records of that department reflect that Plaintiff was released into the custody of the Texas Department of Corrections on May 7, 2014. *See id.* at 1-2. But this change of custody did not relieve Plaintiff of his duty to advise the Court of his changes of address. *See Rasmus v. Director, TDCJ-CID*, Civil Action No. 1:08-CV-409, 2008 WL 4899971 (E.D. Tex. Nov. 10, 2008) (dismissing without prejudice pursuant to Rule 41(b) where an order sent to a Section 2254 petitioner was returned with a notation that he was no longer at the facility and the petitioner failed to provide the court with a new address).

Where more than seven months pass without any contact by Plaintiff and all mail sent to a plaintiff within the same time period – at the only address that Plaintiff provides to the Court – is returned as undeliverable, the Court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit. *Cf. Wingert v. Lebanon Cnty. Corr. Facility Med. Dep't*, Civil No. 3:CV-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007) ("Plaintiff has failed to provide the court with any forwarding address. The one and only contact the court has had from Plaintiff is when he initiated this action on February 5, 2007. Every document the court has attempted to mail to Plaintiff has been returned. Upon telephone inquiry to [the correctional facility], the court verified that Plaintiff had been released from prison on February 5, 2007. Because several weeks have passed and Plaintiff has failed to provide the court

with a new address, the court assumes he no longer wishes to pursue this action.") (dismissing pursuant to Rule 41(b)).

By not providing the Court with his current address, Plaintiff has prevented this action from proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice. *See Rasmus*, 2008 WL 4899971, at *2 ("By not providing the court with his correct address, petitioner has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case. This case should therefore be dismissed without prejudice for want of prosecution.").

## Recommendation

Plaintiff's consolidated actions should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff contacts the Court, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE